Alexander M. Carnevale, Bar No. 332875
*acarnevale@thompsoncoburn.com*
**THOMPSON COBURN LLP**
10100 Santa Monica Blvd., Suite 500
Los Angeles, California 90067
Tel: (310) 282-2500 / Fax: (310) 282-2501

STEPHEN A. D'AUNOY (*pro hac vice* to be filed)
*sdaunoy@thompsoncoburn.com*
THOMAS L. AZAR, JR. (*pro hac vice* to be filed)
*tazar@thompsoncoburn.com*
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000 / Fax: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HUNTER, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>FCA US LLC, a Delaware Corp.,<br><br>     Defendant. | CASE NO.<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL** |

Defendant FCA US LLC, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this case to this Court. As set forth below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

## I.   BACKGROUND

1. On September 20, 2022, Plaintiff Eric Hunter filed a Class Action Complaint ("Complaint" or "Comp.") known and numbered as *Hunter v. FCA US LLC*, Case No. 22CV403295, in the Superior Court of the State of California for the County of Santa Clara ("the State Court Action").

2. FCA US was served with process and a copy of the Complaint in the State Court Action on October 3, 2022. No other pleadings have been filed, and no other process has been served. A complete copy of the court file in the State Court Action, including the docket sheet, is attached as Exhibit A.

**A.   Allegations In The Complaint.**

3. Plaintiff is a California resident who purchased a model-year 2019 Jeep Wrangler vehicle from Gilroy Jeep in Gilroy, California on an unspecified date. *See* Comp., ¶ 8.

4. Plaintiff alleges that, at some point "outside of the warranty window," his vehicle "stopped functioning entirely" and "displayed a sway bar fault notification on his dashboard." *Id.* at ¶ 9.

5. He avers taking the vehicle to Russell Westbrook Chrysler Dodge Jeep Ram of Van Nuys in Van Nuys, California for a repair and being told the issue was due to "unrelated parts of the car which were fully functioning." *Id.* Plaintiff asserts that he "has spent a substantial amount of money to have the sway bar and wiring harness replaced" but "the problems have not yet been resolved." *Id.*

6. Plaintiff contends the "sway bars" in the subject vehicles are defective because their circuit boards are "prone to failure" and thus may "result[] in a disconnected or malfunctioning sway bar," which could lead to a loss of control and

a driver "flip[ping] the car when driving at a high speed, particularly on a curve." *Id.* at ¶¶ 4, 16.

7.  According to Plaintiff, FCA US represented that the subject vehicles "had characteristics and benefits that they do not have" and "were of a particular standard, quality or grade when they were of another." *Id.* at ¶ 74. Plaintiff also avers that FCA US failed to disclose the existence of the alleged defect in the subject vehicles to consumers. *Id.* at ¶ 8; *see also* ¶¶ 48-54.

8.  Based on these allegations, Plaintiff seeks to represent a class defined as "[a]ll persons in California who purchased, leased, or owned" certain model-year 2010-2020 Jeep Wrangler Rubicon vehicles, 2010-2020 Jeep Wrangler Unlimited Rubicon vehicles, 2020 Jeep Gladiator Rubicon vehicles, and 2010-2020 Ram 2500 Power Wagon vehicles. *Id.* at ¶¶ 1, 61.

9.  On behalf of himself and the putative class, Plaintiff asserts claims for: violation of California's Consumer Legal Remedies Act ("CLRA") (Count I) (*id.* at ¶¶ 70-82); violation of California's Unfair Competition Law ("UCL") (Count II) (*id.* at ¶¶ 83-96); and unjust enrichment (Count III) (*id.* at ¶¶ 97-105).

10. Among other things, Plaintiff seeks to recover for himself and the putative class monetary damages, including (i) restitution; (ii) disgorgement; (iii) economic loss and out-of-pocket costs; (iv) declaratory and injunctive relief, (v) punitive damages; (vi) attorneys' fees and costs; and (vii) pre and post-judgement interest. *Id.* at ¶¶ 82, 96, 105; *see also id.* at *Prayer for Relief*, pp. 31-32.

**B.   Facts Related To The Number Of Putative Class Members And The Amount In Controversy.**

11. Plaintiff alleges "there are tens of thousands of individuals that are members of the proposed Class" and that the sway bars in all of their vehicles are defective. *Id.* at ¶¶ 60, 64.

12. Plaintiff avers too that replacing the sway bar "typically costs approximately $1,500-$2,000 for the part alone, and not counting the additional costs of labor." *Id.* at ¶ 58.

## II.  GROUNDS FOR REMOVAL

13. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Reyes v. Carehouse Healthcare Ctr., LLC,* 2017 WL 2869499, *2 (C.D.Cal. 2017).

14. This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), which is commonly referred to as the Class Action Fairness Act ("CAFA").

15. Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2).

16. Plaintiff is a citizen of the state of California. *See* Comp., ¶ 8. For the purposes of CAFA jurisdiction, as Plaintiff acknowledges, FCA US is a citizen of Delaware (under whose laws it was organized), and Michigan (where its principal place of business is located). *Id.* at ¶ 10. Thus, the minimal diversity requirements of CAFA are satisfied.[1]  *See* 28 U.S.C. § 1332(d)(2)(A).

17. And there are more than 100 putative class members: Plaintiff avers "there are tens of thousands of individuals that are members of the proposed Class." *See* Comp., ¶ 64.

---

[1] Under a CAFA jurisdiction analysis, "a limited liability company is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Clemons v. Element Materials Tech. Huntington Beach LLC*, 2022 WL 1203096, *2 (C.D.Cal. 2022) (internal marks omitted).

18. Finally, the amount in controversy far exceeds the sum or value of $5 million, exclusive of interest or costs. Plaintiff alleges that "[r]eplacing a damaged electronic sway bar disconnect typically costs approximately $1,500-$2,000 for the part alone, and not counting the additional costs of labor." *Id.* at ¶ 58. Plaintiff seeks to recover these "economic loss and out-of-pocket costs" (including labor), **plus** restitution, disgorgement, punitive damages, and attorneys' fees. *Id.* at ¶¶ 58, 82, 96, 105; *see also id.* at *Prayer for Relief*, pp. 31-32.

19. As Plaintiff alleges, there are "tens of thousands" of putative class members. *Id.* at ¶ 64 (emphasis added). Even if Plaintiff sought only to recover $1,500 per class member, *i.e.*, the lowest possible cost to replace a purportedly-defective sway bar, it is evident that the amount Plaintiff has put into controversy well exceeds the sum or value of $5,000,000.[2] And, this does not even include the claims for "the additional costs of labor," punitive damages, and attorney's fees. *Id.* at ¶ 58; *id.* at *Prayer for Relief*, pp. 31-32. Thus, there can be no doubt that the requisite amount in controversy is satisfied here.

20. Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5 million, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

21. No statutory exception to CAFA jurisdiction applies in this case.

---

[2] In *Dart Cherokee*, the Supreme Court made clear that a defendant who removes a case to federal court does not have to submit evidence proving that the amount-in-controversy requisite of CAFA jurisdiction is satisfied until and unless the plaintiff or the court challenges the defendant's position, at which point "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S.Ct. at 554. FCA US will provide declaratory proof of the amount in controversy if the Court finds it necessary.

### III.  REMOVAL IS PROPER AND TIMELY

22. This Notice of Removal is filed within thirty days of October 3, 2022, the date on which FCA US was first served with a summons and the Complaint. Thus, it is timely filed. *See* 18 U.S.C. § 1446(b)(1).

23. FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, Santa Clara, and provide written notice of the removal to all counsel of record.

24. The United States District Court for the Northern District of California embraces the county and court in which Plaintiff filed this case. *See* 28 U.S.C. § 84(c)(3). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against FCA US LLC in the Superior Court of the State of California, County of Santa Clara, is removed to the United States District Court for the Northern District of California.

Dated:  November 2, 2022          **THOMPSON COBURN LLP**

                                           /s/  Alexander M. Carnevale
                                          Alexander M. Carnevale

                                            *Attorneys for Defendant FCA US LLC*