UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HUNTER,<br><br>        Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>        Defendant. | Case No. 22-cv-06777-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 13, 16 |

Pending before the Court is Plaintiff Eric Hunter's ("Hunter" or "Plaintiff") motion to remand, which Defendant FCA US LLC ("FCA" or "Defendant") opposes. *See* Dkt. Nos. 13, 14. Also before the Court is Defendant's motion to dismiss. Dkt. No. 16 ("MTD"). The Court finds that these matters are appropriate for disposition without oral argument and they are deemed submitted. *See* N.D. Civ. L.R. 7–1(b). For the reasons discussed below, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

I.  **BACKGROUND**

Plaintiff is a California resident who purchased a model-year 2019 Jeep Wrangler Rubicon Unlimited manufactured by Defendant. *See* Class Action Complaint, Dkt. No. 2-1 ("Compl."), ¶¶ 8, 11. Plaintiff alleges that he made his purchase from a third-party dealership in California on an unknown date after speaking with an unnamed sales representative and "reviewed and relied on the window sticker." *Id.* Plaintiff acknowledges that his purchase came with a warranty. *Id.* at ¶ 9.

Plaintiff claims that Defendant's vehicles ("Class Vehicles")[1] contain an "electronic sway

---

[1] Plaintiff defines Class Vehicles as "model-year 2010-2017 Jeep Wrangler Rubicon ('JK') and Unlimited Rubicon ('JKU') vehicles; model year 2018-2020 Jeep Wrangler Rubicon ('JL') and Unlimited Rubicon ('JLU') vehicles; model-year 2020 Jeep Gladiator Rubicon vehicles; model-year 2010 Dodge Ram 2500 Power Wagon vehicles; and model-year 2011-2020 Ram 2500 Power

bar disconnect [with] a dangerous defect [that] poses a serious safety risk to drivers, occupants, and the general public." Compl. at ¶ 4.  Plaintiff contends that "[w]ithout a sway bar, a driver could lose control and flip the car when driving at high speed, particularly on a curve." *Id.* at ¶ 16.  An electronic sway bar disconnect permits the driver to quickly connect and disconnect the sway bar, and this feature is used in off-roading to allow the driver to enhance contact between all four tires and the ground as a means of improving stability and traction.  *Id.* at ¶¶ 3, 17-18.

These defects in the sway bars, Plaintiff contends, are caused by a poor design in which "the electronic actuator mechanism and circuit board are in a housing with seals that are prone to failure," and the "housing is located low enough in the engine compartment that [it] gets wet when the car drives over puddles, streams, or wet roads." *Id.* at ¶¶ 22, 37.  According to the complaint, [f]ailure of the circuit board occurs when liquid or contaminants breach a seal of the housing, resulting in a disconnected or malfunctioning sway bar." *Id.* at ¶ 4.  Plaintiff alleges that these defects cause the system to no longer operate, and trigger the sway bar defect warning light to flash "erratically." *Id.* at ¶¶ 4, 35.

Plaintiff alleges that Defendant has known of the defect since 2005 based on an "obviously ill-conceived" design and that Defendant

> would have known about the defect through sources not available to Plaintiff and Class members, including, but not limited to: pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to FCA's network of dealers and directly to FCA, aggregate warranty data compiled from FCA's network of dealers, testing conducted by FCA in response to consumer complaints, and repair order and parts data received by FCA from its network of dealers and suppliers.

*Id.* at ¶ 39.  Plaintiff also cites a series of anonymous consumer complaints over a ten-year period. *Id.* at ¶ 43.  Additionally, Plaintiff alleges that Defendant must have known of the defect due to "a small cottage industry of companies providing aftermarket manual disconnect systems to replace the stock electronic systems provided by FCA." *Id.* at ¶¶ 40-41.

Plaintiff filed this putative class action on September 20, 2022, asserting claims on behalf of himself and all others similarly situated, for violations of California's Consumer Legal

---

Wagon vehicles."  Compl. at ¶ 1.

Remedies Act ("CLRA") (Count I) and Unfair Competition law ("UCL") (Count II), and unjust enrichment (Count III). *See generally id.* at ¶¶ 70-105. The case was removed to this Court in November 2022. Dkt. No. 2. Plaintiff now moves to remand, and Defendant moves to dismiss.

## II. LEGAL STANDARD

### A. Motion To Remand

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683–685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

### B. Motion To Dismiss

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.*

*St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim.  *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

## III.  MOTION TO REMAND

### A.  The Court Has Jurisdiction

While subject matter jurisdiction concerns whether a federal court may hear claims based on the jurisdiction conferred on it by Congress, equitable jurisdiction goes to Court's ability to exercise its remedial power under principles of equitable relief.  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022), *cert. denied sub nom. POLARIS INDUSTRIES INC., ET AL. v. ALBRIGHT, JEREMY*, No. 22-987, 2023 WL 3937623 (U.S. June 12, 2023).  The Ninth Circuit has held that in federal cases, federal common law principles apply to equitable restitution claims under California's UCL and CLRA, including the principle that bars courts from "awarding equitable relief when an adequate legal remedy exists." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020).

Plaintiff argues the Court lacks equitable jurisdiction given his decision not to allege the inadequacy of legal remedies.  Dkt. No. 28 ("MTD Opp.") at 1-3.  Plaintiff contends that, under *Guzman*, dismissal without prejudice would be improper because it would lead to a "perpetual loop" of the claim bouncing between state and federal court, and that all claims thus should be remanded.  *Id.*  Defendant argues against remand, positing that district courts interpret *Guzman* to require dismissal of equitable claims without prejudice when jurisdiction otherwise exists, meaning that a lack of equity jurisdiction over certain claims cannot serve as a basis for partial or full remand.  Dkt. No. 31 ("MTD Reply") at 1-2 (citing 28 U.S.C. § 1447(c)).  The Court agrees

4

with Defendant.

The Court undisputedly has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"),[2] but lacks equity jurisdiction over the UCL and unjust enrichment claims because Plaintiff has an adequate remedy at law. *See Guzman*, 49 F.4th at 1314 (holding that the "the district court lacked equitable jurisdiction because [the plaintiff] had an adequate remedy at law in his time-barred CLRA claim," and that the district court should have dismissed plaintiff's UCL claim "without prejudice to refiling the same claim in state court"). Plaintiff argues that remand of the entire case is appropriate based on a single district court case, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021), while citing no statutory authority. MTD Opp. at 2. The Court in *Guthrie* held that remand was not prohibited in a suit involving only a claim for equitable restitution under the UCL, *id.* at 872, 880.

As a threshold matter, even if the Court finds *Guthrie* persuasive, its reasoning would only apply in this case if Plaintiff's complaint raises only equitable claims. So the Court must consider (1) whether Plaintiff has brought any legal claims over which the Court has jurisdiction not subject to any requirement that inadequacy of legal remedies be pled; (2) if so, whether the Court lacks jurisdiction over any remaining equitable claims; and (3) if so, whether those claims should be dismissed without prejudice or remanded. The Court finds that Plaintiff asserts a legal claim and fails to establish the inadequacy of remedies at law, with the consequence that dismissal without prejudice of the claims over which the Court lacks jurisdiction is appropriate.

### i. Plaintiff Asserts A Legal Claim

While Plaintiff argues that remand is warranted because he does not actually assert a claim for damages, Dkt. No. 15 ("Remand Reply") at 5-6, the Complaint shows otherwise. Plaintiff specifically pleads a request for damages based on a past injury in the form of punitive damages. Compl. at 31 (seeking "[a]n order awarding to the extent available under governing law, restitution, disgorgement, *and/or punitive damages*, for economic loss and out-of-pocket costs in an amount to be determined at trial") (emphasis added); *see also* Remand Reply at 5

---

[2] Plaintiff does not challenge subject matter jurisdiction. *See generally* MTD Opp., Dkt. No. 13.

(acknowledging that the Complaint contains a "passing reference to punitive damages"). The Court finds no reasonable basis to dispute that "punitive damages" under the CLRA must be a subset of "damages," which are a type of legal rather than equitable relief. *See Tull v. United States*, 481 U.S. 412, 422 (explaining that a "punitive damages remedy is legal, not equitable, relief") (citation omitted); *Garcia v. Los Angeles Unified Sch. Dist.*, 173 Cal. App. 3d 701, 710 (1985) (explaining that "punitive damages are legal not equitable remedies"). And Plaintiff's caveat that he only seeks such relief "to the extent available under governing law" (which counsel now argues really means "and the extent to which punitive damages are available is 'not at all'"), Remand Reply at 5 (citing Compl., Prayer for Relief), is too clever by half. Counsel had an obligation under Rule 11 to have a good-faith basis for every allegation in the complaint, and arguing now that the request for relief doesn't actually mean what it says is not credible.[3]

### ii. The Court Does Not Have Jurisdiction Over Plaintiff's Equitable Claims

A claim for equitable relief fails when it does not plead the inadequacy of remedies at law. *Sonner*, 971 F.3d at 844 (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). Plaintiff (for obvious tactical reasons) does not allege that he would not be made whole by damages relief, which means that his remaining equitable claims cannot be heard in this Court. *See Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 652867, at *7 (N.D. Cal. Feb. 15, 2019) ("[C]ourts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law."); *Gomez v. Jelly Belly Candy Co.*, No. EDCV1700575CJCFFM, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) ("[C]ourts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole."); *see also Raynaldo v. Am. Honda Motor Co.*, No. 21-CV-05808-HSG, 2022 WL 4358096, at *18 (N.D. Cal. Sept. 20, 2022) (holding that "all of [p]laintiffs' requests and claims for equitable relief are subject to dismissal" because "[p]laintiffs do not allege facts in the [amended class action complaint] suggesting that legal remedies would

---

[3] Because the circumstances discussed in *Guthrie* differed from those here, the Court need not, and does not, address Defendant's argument that *Guthrie* was incorrectly decided.

be inadequate to redress any past or prospective injuries that [p]laintiffs may have suffered or could suffer").

### iii. Plaintiff's Remaining Equitable Claims Must Be Dismissed Rather Than Remanded

"[A] district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). Defendant argues, and district courts have agreed, that remand is improper when a court lacks equity jurisdiction over a single claim. *See Kim,* No. 2:22-CV-08380-SB-PVC, 2023 WL 196919, at *3 (denying partial remand because "[l]ack of equitable jurisdiction over some claims cannot serve as a basis for remanding a case in its entirety" and "[the plaintiff] cites no authority that permits the Court to enter a partial remand in this case"); *Travonne Hooks v. Dignity Health*, No. CV2207699DSFPDX, 2022 WL 17968833, at *3 (C.D. Cal. Dec. 27, 2022) (dismissing without prejudice plaintiff's equitable claims because the plaintiff also brought claims establishing adequacy of legal remedies); *see also Raynaldo*, No. 21-CV-05808-HSG, 2022 WL 4358096, at *18. The Court agrees with the *Kim* and *Travonne* courts, and notes that Plaintiff's citation to *Davidson v. Kimberly-Clark Corp.* does not establish otherwise, because in that case the Ninth Circuit declined to "resolve . . . whether severance and remand, as opposed to dismissal, is the appropriate option where standing is lacking for only some claims or forms of relief." 889 F.3d 956, 970 and n.6 (9th Cir. 2018).[4]

Accordingly, because Plaintiff requests punitive damages and does not establish that he lacks an adequate remedy at law, and because dismissal without prejudice is appropriate when the Court lacks equity jurisdiction over some but not all claims, the Court denies Plaintiff's Motion for Remand, and dismisses Plaintiff's UCL and unjust enrichment claims without prejudice.

---

[4] The *Davidson* court also suggested that the "perpetual loop" problem raised by Plaintiff based on *Guthrie*, 561 F.Supp.3d at 880, should not result from dismissal without prejudice in circumstances like these. *See Davidson*, 889 F.3d at 970 and n.6 (explaining that "in prevailing on a motion to dismiss only as to some claims for lack of standing, a defendant is also making the case against the removal of those claims once they are refiled in state court unaccompanied by the claims over which the district court *did* have jurisdiction") (emphasis in original). At any rate, absent controlling guidance from the Ninth Circuit, the Court finds itself bound to apply the normal rule that dismissal without prejudice is the appropriate course when equitable jurisdiction is lacking.

7

## IV. MOTION TO DISMISS

The Court next considers Defendant's motion to dismiss as to the only remaining claim under the CLRA.

### A. Plaintiff's Fraud Claims (All Counts)

To bring a valid CLRA claim, Plaintiff "must allege reliance on the specific marketing materials claimed to [be] misleading." *Simon v. SeaWorld Parks & Ent., Inc.*, No. 3:21-CV-1488-LL-MSB, 2022 WL 1594338, at *3 (S.D. Cal. May 19, 2022). "Actual reliance in the context of CLRA . . . claims requires a plaintiff allege that she (1) was exposed to (e.g., heard, read, or saw) a defendant's representation regarding a product, (2) that was false and/or misleading, (3) to which a reasonable person would attach importance (materiality), and (4) incurred economic injury as a result (e.g., by purchasing the product for more money than the plaintiff would have (or not purchasing the product at all) but for the misrepresentation)." *Stewart v. Electrolux Home Prod., Inc.*, No. 117CV01213LJOSKO, 2018 WL 1784273, at *5 (E.D. Cal. Apr. 13, 2018) (citing *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 327 (2011)). Defendant alleges that Plaintiff fails to adequately allege a specific statement or omission by Defendant under the heightened Rule 9(b) pleading standard that applies to claims of fraud. MTD at 4-9.

#### i. Plaintiff's Misrepresentation Claim

The Complaint alleges affirmative misrepresentations in that Defendant's marketing materials and vehicle manuals state the Class Vehicles "are capable of fording water up to 30 inches deep." Compl. at ¶¶ 28, 49. Defendant claims that Plaintiff fails to allege facts plausibly showing that he saw and relied upon such materials. MTD at 5. The Court agrees.

Even accepting Plaintiff's claims as true at the dismissal stage, the Court finds that Plaintiff fails to allege reliance on the claimed misrepresentations. The FCA does not allege that the Plaintiff actually saw or relied on the fording statement. *See generally* Compl.; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (holding that plaintiff failed to plead reliance because "[n]owhere in the [third amended complaint] does [plaintiff] specify what the television advertisements or other sales material specifically stated. Nor did [plaintiff] specify when he was exposed to them or which ones he found material. [Plaintiff] also failed to specify

8

which sales material he relied upon in making his decision to buy a CPO vehicle"). And Plaintiff's claim that he read a window sticker that lacked adequate warning of the defect, MTD Opp. at 4 and n.1 (quoting Compl. at ¶ 8), is an omission-based claim, not a misrepresentation claim.[5]

### ii. Plaintiff's Omission Claim

Rule 9(b) applies to Plaintiff's omission-based claims because they sound in fraud. The Ninth Circuit held in *Kearns* that Rule 9(b) applies to any claim that is grounded in fraud, regardless of the claim's elements or the substantive law that gives rise to it. *See id.* at 1125-27 (holding that Rule 9(b) applies to the pleading of a claim "as a whole" if it is "grounded in fraud" even if "fraud is not a necessary element" of the claim, and holding that the applicability of Rule 9(b) is "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal").

To state a viable omission-based claim, the Ninth Circuit has held that "plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). If, as here, the alleged defect arises outside of the warranty window, the manufacturer only has a duty to disclose "safety issues." *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 960 (N.D. Cal. 2018). "To allege a safety issue for purposes of a post-warranty claim, 'a party must allege (1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and [4] that the manufacturer knew of the defect at the time a sale was made.'" *See id.* (quoting *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017)).

Defendant argues that Plaintiff fails to plead sufficient pre-sale knowledge or an

---

[5] Because the Court finds that Plaintiff fails to plead reliance on the alleged misrepresentation, the Court need not address whether the alleged misrepresentation was puffery (though the Court is skeptical of Defendant's characterization). MTD at 5-6. Additionally, the Court rejects Defendant's argument that Plaintiff did not adequately allege a falsehood, *id.* at 5, because Plaintiff plausibly alleges that the Class Vehicles are unable to ford water up to 30 inches deep, and explains why that is the case. *See* Compl. at 34 ("[E]ven though the vehicles are supposed to be able to drive through water that partially, if not fully, submerges the sway bar actuator housing (i.e., 30 inches), the housings still fail in conditions much less extreme. . . .").

9

1   unreasonable safety hazard. MTD at 6-9. Plaintiff argues that it adequately alleges pre-sale

2   knowledge based on general testing and online feedback, and that the potential for a sway bar to

3   cause the vehicle to lose control and flip over constituted an unreasonable safety hazard. MTD

4   Opp. at 5-8 (citing Compl. at ¶¶ 48-56, 78, 103).

5          The Court agrees with Defendant as to the pre-sale knowledge issue.[6] Vague and general

6   assertions about how testing and product development would put FCA on notice are too general

7   and attenuated to be the basis of an omissions claim. *See Flores*, No. 20-10972, 2021 WL

8   1122216, at *21 (holding that allegations of "pre-production testing, pre-production design failure

9   mode and analysis data, and production design failure mode and analysis data" were "vague and

10   pleaded at too high a level of generality"); *see also Wilson*, 668 F.3d at 1147 (finding that

11   allegations that a manufacturer had "access to the aggregate information and data regarding the

12   [product defect] is speculative and does not suggest how any tests or information could have

13   alerted [the defendant] to the defect"); *Williams v. Tesla, Inc.*, No. 20-CV-08208-HSG, 2022 WL

14   899847, at *4 (N.D. Cal. Mar. 28, 2022) (dismissing plaintiff's omission-based fraud claims

15   because the "vague allegations" were premised on "unspecified dealer repair records, warranty

16   and post-warranty claims, pre-sale durability testing, and 'other various sources.'"). Additionally,

17   none of Plaintiff's cited online complaints about the defective sway bar discuss the rollover

18   condition alleged here. Compl. at ¶ 43. The Court thus dismisses Plaintiff's omission-based fraud

19   claim.[7]

20   **V.   CONCLUSION**

21          The Court **DENIES** Plaintiff's motion to remand, **GRANTS** Defendant's Motion to

22   dismiss without leave to amend and without prejudice as to Plaintiff's UCL and unjust enrichment

23   claims, and **GRANTS** the motion to dismiss with leave to amend as to Plaintiff's claim under the

---

[6] Because the Court finds that Plaintiff failed to allege pre-sale knowledge, the Court need not address whether an unreasonably safety hazard is adequately alleged.

[7] Defendant also argues that Plaintiff's allegations of "active concealment" fail because Plaintiff does not plausibly allege any affirmative acts by Defendant to suppress information in the public domain or obscure a consumer's ability to discover it. MTD at 9 (citing *Raynaldo*, 2022 WL 4358096 at *9). Plaintiff does not respond to this argument, and the Court agrees that Plaintiff entirely fails to adequately allege fraudulent concealment.

1  CLRA.  At this stage in the litigation, the Court cannot say that amendment would be futile with

2  respect to the CLRA claim.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

3  ("[A] district court should grant leave to amend even if no request to amend the pleading was

4  made, unless the pleading could not possibly be cured by the allegation of other facts.") (quotation

5  omitted).  Plaintiff may therefore file an amended complaint within 21 days of the date of this

6  order.

The Court further **SETS** a case management conference on September 5, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

The Court further **DIRECTS** the parties to meet and confer and submit a revised joint case management statement by August 29, 2023.  The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:   7/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge